In the matter of the probate of a paper-writing purporting to be the last will and testament of PHILIP M. WHEATON, deceased.

[Argued November 24th, 1905. Decided April 20th, 1906.]

On appeal from a decree of the prerogative court made by Magie, ordinary, whose opinion is reported in *68 N. J. Eq. 562.*

*Mr. George H. Peirce* and *Mr. Edwin G. C. Bleakly,* for the appellant.

*Mr. Joseph H. Gaskill* and *Mr. Samuel W. Beldon,* for the respondent.

PER CURIAM.

This is an appeal from a decree of the prerogative court, which affirmed a decree of the orphans court of the county of Cape May, admitting to probate the will of Philip M. Wheaton, deceased. The appellant is the wife of the decedent. She filed a caveat against the admission of his will to probate, upon the ground that he was mentally incapable of making a testamentary disposition of his property.

We do not deem it necessary to add anything, by way of discussion of the evidence, to what has been said by the ordinary in his opinion filed in the prerogative court. We fully concur in the conclusion reached by him that the proofs make it plain that the testator was not lacking in mental capacity at the time of the making of his will, and affirm the decree under review upon that opinion.

The existence of testamentary capacity in the deceased was clearly shown early in the taking of the proofs submitted on the part of the caveatrix, and was never afterwards doubtful. She consequently had no reasonable cause for appealing from the decree originally made by the orphans court, nor from that

subsequently entered in the prerogative court, and, under ordinary conditions, all the costs of each appeal should be borne by her. But although, as has already been stated, Mr. Wheaton's mental competency was clearly established early in the hearing before the orphans court, a mass of testimony was subsequently taken before that court, covering over two thousand printed pages—much of it irrelevant, more of it unimportant—and taken with needless prolixity; and this is true with relation both to the direct and the cross-examination of the witnesses produced on the one side and on the other. Just how much of the testimony taken in the case comes within the above description, we have not the time to ascertain with absolute accuracy. It may be said, with confidence, however, that at least one-half of it is valueless in aiding in the determination of the cause.

The appellant should be decreed to pay the costs of the respondent both in the prerogative court and in this court; but in the taxation of costs one-half of the expense of transcribing and printing the cross-examination of the appellant's witnesses and one-half of the expense of transcribing and printing the direct examination of the proponent's witnesses should be disallowed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—15.

*For reversal*—None.